# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOSEPH COPPOLA,

Petitioner,

v.

UNITED STATES OF AMERICA, et al.,

Respondents.

Case No. 2:23-cv-00528-APG-EJY

**ORDER**

Petitioner Joseph Coppola has commenced this action by paying the filing fee and filing a petition for writ of habeas corpus under 28 U.S.C. § 2241(c)(3). ECF Nos. 1-1, 3.  Coppola is in custody under "pre-revocation of supervised release" at the Nevada Southern Detention Center and "seeks habeas relief challenging the 'execution' of his sentence." ECF No. 1-1 at 1.  On initial review under the Habeas Rules,[1] I find that the petition was improperly commenced, so I dismiss it without prejudice and close this case.

## Background

On July 24, 2001, Coppola was convicted of bank robbery with the use of a deadly weapon and sentenced to 51 months in prison followed by 60 months of supervised release in case number 2:99-cr-00217-APG-LRL-2,[2] a case over which I now preside.  On January 26, 2021, Coppola's probation officer petitioned this court for a warrant, recommending that Coppola's term of supervision be revoked because he violated the following conditions of his

---

[1] Habeas petitions brought under 28 U.S.C. § 2241 may be subjected to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. *See* Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] I take judicial notice of the docket in case number 2:99-cr-00217-APG-LRL-2.

supervision: (1) do not commit another crime, (2) do not leave the district, (3) report any law enforcement contact, (4) do not possess any weapons, and (5) do not gamble.  I ordered the issuance of a warrant.  An initial appearance regarding Coppola's revocation was held on August 22, 2022, and then continued to August 29, 2022.  Coppola was remanded to custody pending his revocation hearing.  Coppola was appointed counsel and waived his preliminary hearing. Coppola's revocation hearing is set for May 4, 2023.

Coppola appears to have filed a similar petition for writ of habeas corpus under 28 U.S.C. § 2241(c)(3) in case number 2:23-cv-00513-RFB-NJK, although his challenge in that case regards a different criminal case, 2:03-cr-00010-LRH.[3]  On April 11, 2023, in case 2:03-cr-00010-LRH, the court revoked Coppola's supervised release and remanded him to custody.

**Discussion**

Here, Coppola raises the following grounds regarding his criminal case 2:99-cr-00217-APG-LRL-2: (1) his supervised release never commenced, expired, or has been completed, (2) he was wrongfully sentenced under the plea agreement, which was "full of errors," (3) his counsel was ineffective, and (4) his sentence is illegal. ECF No. 1-1 at 1–9.  Coppola asks this court to, among other things, terminate the revocation proceedings in case number 2:99-cr-00217-APG-LRL-2 and order his release. *Id*. at 10.

To the extent that Coppola seeks to challenge his pending revocation determination in case number 2:99-cr-00217-APG-LRL-2, he must pursue available remedies in that criminal case. *See* Fed. R. Crim. P. 32.1.  To the extent that Coppola seeks to challenge the validity of his sentence or conviction, regarding his counsel's ineffectiveness or the erroneous plea bargain, he

---

[3] I also take judicial notice of the dockets in case numbers 2:23-cv-00513-RFB-NJK and 2:03-cr-00010-LRH.

must file a motion with the sentencing court. *See* 28 U.S.C. § 2255(e).  And to the extent that Coppola seeks to challenge the execution of his sentence, a 28 U.S.C. § 2241 petition is the correct vehicle for such a challenge. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) ("Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241."); *Larios v. Madigan*, 299 F.2d 98, 99 (9th Cir. 1962) (explaining that a claim regarding "a right to immediate release on the ground that [a petitioner's] federal sentence has been served in full . . . is a matter properly raised in an application from a federal prisoner for a writ of habeas corpus under 28 U.S.C. § 2241(c)"). However, importantly, there are defects with Coppola's 28 U.S.C. § 2241 petition, warranting its dismissal without prejudice.

First, the petition does not name the proper respondent.  A habeas petition must be directed at the person having custody over the prisoner, and the immediate custodian is generally the warden of the facility where the petitioner is confined. *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).  Coppola contends that he is being held at the Nevada Southern Detention Center where Christopher Chestnut is the warden.  Instead of naming Christopher Chestnut as a respondent in this action, Coppola incorrectly names the United States of America.

Further, "[f]ederal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Laing v. Ashcroft*, 370 F.3d 994, 997–98 (9th Cir. 2004).  "After a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992).  Thus, questions concerning the execution of a sentence should be presented to the Bureau of Prisons in

the first instance.  And only after exhausting his administrative remedies may a petitioner seek

review of the Bureau of Prison's decision under § 2241. *See id*.  It does not appear that Coppola

has exhausted his administrative remedies.  And even though it is possible that this exhaustion

requirement could be found to be futile or excused, I do not decide that issue here due to the

other issues, namely, the incorporation of grounds that are not properly raised in a 28 U.S.C.

§ 2241 petition and the improper respondent.

### Conclusion

I THEREFORE ORDER that petitioner Joseph Coppola's petition for writ of habeas

corpus under 28 U.S.C. § 2241 **[ECF No. 1-1] is dismissed without prejudice**.  Coppola is

denied a certificate of appealability, as jurists of reason would not find dismissal to be debatable

or wrong.

I FURTHER ORDER the Clerk of the Court to (1) send Coppola one blank copy of the

form petition for a writ of habeas corpus under 28 U.S.C. § 2241 along with instructions, and

(2) enter final judgment dismissing this action without prejudice and close this case.

Dated: April 17, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE